■ RICARDO GUILLAUME et al., Appellants, v JUDY I. REYES, Respondent, et al., Defendants. [803 NYS2d 686]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 10, 2004, which granted the motion of the defendant Judy I. Reyes for summary judgment dismissing the complaint insofar as asserted against her on the ground that the infant plaintiff Ricardo Guillaume did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied their cross motion for summary judgment on the issue of liability, and (2) from a judgment of the same court entered January 12, 2005, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the order dated November 10, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

The respondent made a prima facie showing that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The respondent's dental expert conducted an oral examination of the infant plaintiff two years after the accident and found, inter

alia, that he had "a full range opening [of his mouth and jaw] with no deviation noted on opening and closing." He opined that the infant plaintiff exhibited some "hypermobility with occasional subluxation of the temporomandibular joint" which, based upon his medical history, was unrelated to the accident.

Contrary to the plaintiffs' contentions, the affirmed medical report of the plaintiffs' dental expert failed to raise a triable issue of fact. The plaintiffs' expert found that the infant plaintiff was able to open his mouth "42-mm" with no pain, that there was no deviation or deflection upon opening, and noted that his jaw locked only on occasion when he opened his mouth extremely wide to "55-mm." The infant plaintiff reported to his doctor that his jaw locked at least twice a month but that he was able to manipulate the jaw to unlock it on those occasions.

Accordingly, the Supreme Court properly granted the respondent's motion for summary judgment and denied the appellants' cross motion. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.