■ MARLING SONE, Appellant, v CHERYL QAMAR, Respondent. [889 NYS2d 845]—

Defendant satisfied her initial burden of demonstrating, prima facie, that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). Defendant submitted the affirmed report of a neurologist who found no neurological deficits and noted only a 20-degree limitation on flexion in plaintiff's lumbosacral spine.

Plaintiff failed to meet her consequent burden to provide evidence which raised a triable issue of fact concerning whether she sustained such a serious injury, instead relying on the finding of defendant's doctor. However, the limitation noted by defendant's doctor is not significant within the meaning of Insurance Law § 5102 (d) (see Style v Joseph, 32 AD3d 212, 214 [2006]). Moreover, defendant's doctor opined that it was not causally related to the accident and plaintiff provided nothing which raised a triable issue of fact concerning this element of proof. Accordingly, the court properly granted summary judgment. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.