Defendants established their entitlement to judgment as a matter of law by showing that the injuries plaintiff sustained to his cervical and thoracic spine and his shoulders were not serious within the meaning of Insurance Law § 5102 (d). Defendants submitted, inter alia, an affirmed report of a radiologist who opined that the MRI films of the claimed injured body parts reflected a chronic preexisting condition, and found no radio-graphic evidence of trauma or any causally related injury (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]).
Plaintiffs opposition failed to raise a triable issue of fact. His physician’s affirmed reports of the physical examinations of plaintiff measured range of motion limitations without comparing them to a normal standard, so that any claimed deficits could not be properly assessed to see whether they are significant (see Winters v Cruz, 90 AD3d 412 [1st Dept 2011]). Moreover, plaintiff failed to tender a recent physical examination by *481 his physician, rendering the findings deficient (see Vega v MTA Bus Co., 96 AD3d 506 [1st Dept 2012]; Townes v Harlem Group, Inc., 82 AD3d 583 [1st Dept 2011]). Plaintiffs expert also failed to address the defense doctors’ findings of degeneration or provide any competent evidence supporting his conclusion (see Rosa v Mejia, 95 AD3d 402, 404 [1st Dept 2012]). Furthermore, in light of the lack of evidence of causation, plaintiff cannot establish his 90/180-day claim (see Barry v Arias, 94 AD3d 499 [1st Dept 2012]). Concur — Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.