■ PHILIP RALPH BELPASSO, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [959 NYS2d 442]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 8, 2011, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff failed to demonstrate that any papers or pleadings previously served upon defendant satisfied the statutory notice of claim requirements which require, among other things, that the notice of claim be sworn to by the claimant and served at least 60 days prior to commencement of an action against defendant (*see* McKinney's Uncons Laws of NY §§ 7107, 7108). Absent compliance with the notice of claim requirement, the court lacks subject matter jurisdiction (*see Lyons v Port Auth. of N.Y. & N.J.*, 228 AD2d 250 [1st Dept 1996]; *Luciano v Fanberg Realty Co.*, 102 AD2d 94, 96 [1984]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.

■ FERNANDO VENEGAS, Appellant, v PARMJIT SIGNH et al., Respondents. [962 NYS2d 67]—

Order, Supreme Court, New York County (George J. Silver, J.), entered January 12, 2012, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied to the extent it sought dismissal of plaintiff's claim of "permanent consequential" and "significant limitation" injuries to his left shoulder and lumbar spine and his 90/180-day claim, and otherwise affirmed, without costs.

Plaintiff alleges that he was struck by defendants' taxi while crossing the street. As a result of the accident, plaintiff sustained injuries that left him home-bound and unable to work for over three months and eventually required spinal fusion surgery on his lumbar spine and arthroscopic surgery to repair a rotator cuff tear.

Defendants met their prima facie burden of showing that plaintiff did not sustain serious injury to his lumbar spine, left knee, or left shoulder as a result of the accident. Defendants submitted, inter alia, affirmed expert reports opining that plaintiff had preexisting degeneration and no traumatic injuries in his shoulder and lumbar spine, and that any knee injury had resolved.

In opposition, plaintiff raised an issue of fact as to his shoulder injury by submitting the affirmation of his treating orthopedic surgeon, who opined that the MRI films showed evidence of a tear, diagnosed a rotator cuff tear and impingement after surgery, and measured significant limitations in range of motion at a recent examination. Based upon his examinations, observations made during arthroscopic surgery, and review of the MRI films, he opined that plaintiff's left shoulder injuries were caused by the accident. Contrary to defendants' contention, plaintiff's orthopedist sufficiently addressed causation by proffering a "different, yet equally plausible" opinion from that of defendants' experts (*Vaughan v Leon*, 94 AD3d 646, 648 [1st Dept 2012]; *see Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]).

As to the lumbar spine, plaintiff raised an issue of fact by submitting the affirmation of his orthopedic surgeon, who described permanent qualitative limitations in use of the lumbar spine following fusion surgery, including instability requiring use of a cane (*see Delgado v Papert Tr., Inc.*, 93 AD3d 457 [1st Dept 2012]). Moreover, defendants' independent expert found significant quantitative limitation in lumbar flexion upon recent examination, and with respect to causation, plaintiff's orthopedic surgeon, while acknowledging degenerative changes, opined that they were post-traumatic in origin (*see Perl v Meher*, 18 NY3d 208, 219 [2011]).

As the plaintiff has met the threshold, plaintiff is entitled to recover for all the injuries incurred as a result of the accident.

Defendants met their burden with respect to plaintiff's 90/180-day claim by relying on their experts' opinions that the injuries were not causally related to the accident. Plaintiff's evidence that his injuries were caused by the accident, and his physician's statements that he was totally disabled for over three months during the relevant period is sufficient to raise an issue of fact (*see Martinez v Goldmag Hacking Corp.*, 95 AD3d 682 [1st Dept 2012]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.