■ Miguel Deasis, Respondent, v Saladin K. Butler et al., Appellants, et al., Defendant. [968 NYS2d 33]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 30, 2012, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment, unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident by submitting the affirmed reports of their orthopedist and dentist who both examined plaintiff and found full range of motion in both parts of the spine, and the jaw. In addition, the orthopedist concluded that plaintiff was not disabled and could perform activities of daily living without restriction (*see Lavali v Lavali*, 89 AD3d 574 [1st Dept 2011]), and the dentist found no deviation, dislocation, or disability after jaw surgery (*see Luetto v Abreu*, 105 AD3d 558 [1st Dept 2013]).

In opposition, plaintiff raised triable issues of fact by submitting the affirmations, and reports incorporated therein, of his treating orthopedist and oral surgeon. The orthopedist, who first examined plaintiff shortly after the accident, found range of motion limitations in all planes when compared to normal ranges of motion (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]), and opined that the injuries suffered by the 24-year-old plaintiff, who had no prior neck or back injuries, were caused by the accident (*see e.g. Yuen v Arka Memory Cab*

*Corp.*, 80 AD3d 481, 482 [1st Dept 2011]; *Eteng v Dajos Transp.*, 89 AD3d 506 [1st Dept 2011]). The affirmation, and the records incorporated therein, of plaintiff's oral surgeon, who found internal derangement and disc displacement in the right and left temporomandibular joints during surgery, and persisting limitations and clicking of the jaw, approximately one month after surgery, opined that plaintiff had reached maximum medical improvement as of his most recent visit, that the injuries were permanent, and that plaintiff could be expected to suffer significant disruptions in functional activities such as chewing or speaking, impaired social and personal functioning, and diminished overall quality of life (*Toure*, 98 NY2d at 350-351).

Although the MRI reports of plaintiff's radiologist were unaffirmed and, thus, inadmissible (*see Quinones v Ksieniewicz*, 80 AD3d 506 [1st Dept 2011]), the MRI reports of defendants' radiologist confirmed the existence of disc herniations and bulges, providing an objective basis for the injuries (*see Toure*, 98 NY2d at 350-351).

Defendants' contention that there was a three-year gap in treatment between the day of the accident and the initial treatment of the jaw is unpreserved and, in any event, is undermined by the record, which shows that plaintiff complained of and sought treatment for pain in his jaw shortly after the accident. Concur—Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.