■ ROBERTINA STEELE, Appellant, v CASTILLO D. SANTANA et al., Respondents. [4 NYS3d 181]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 11, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claim that she suffered a serious injury to her right shoulder within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff alleges she suffered injuries to, inter alia, her right shoulder, and was incapacitated from work for three months as a result of an accident in which she was knocked from her bicycle by defendants' motor vehicle. Defendants made a prima facie showing that plaintiff did not sustain permanent consequential or significant limitation injuries to her right shoulder as a result of the accident, by submitting the affirmed reports of an orthopedic surgeon and radiologist. The orthopedic surgeon found full range of motion in plaintiff's right shoulder, and the radiologist concluded that plaintiff's injuries were degenerative in nature (*see Kang v Almanzar*, 116 AD3d 540 [1st Dept 2014]; *Paduani v Rodriguez*, 101 AD3d 470 [1st Dept 2012]).

In opposition, plaintiff raised a triable issue of fact. She submitted an affirmation of her orthopedic surgeon, who averred that he reviewed the MRI of the shoulder, which showed a tear to her tendon, and that during surgery he visualized a tear in plaintiff's rotator cuff, which he attributed to the accident (*see Venegas v Signh*, 103 AD3d 562, 563 [1st Dept 2013]; *Calcano v Rodriguez*, 103 AD3d 490 [1st Dept 2013]).

Defendants failed to meet their initial burden of establishing, prima facie, the absence of a 90/180-day injury. The examinations by defendants' physicians took place well after the relevant 180-day period, they did not opine about plaintiff's condition during that period, and defendants submitted no other evidence refuting plaintiff's claim that, as a result of her injuries, she did was unable to return to work for three months following the accident (*see Jeffers v Style Tr. Inc.*, 99 AD3d 576, 577-578 [1st Dept 2012]). Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ. **[Prior Case History: 2013 NY Slip Op 32433(U).]**