■ RUBEN TORRES, Appellant, v ETILEE TAXI, INC., et al. Respondents. [24 NYS3d 617]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 22, 2014, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions as to the claims of serious injury to the cervical

and lumbar spine, and to remand the matter for consideration of that branch of the motion of defendants George & Haroula Taxi, Inc. (G & H) and Kamal Ahmed Milon seeking summary judgment on the issue of liability, and otherwise affirmed, without costs.

Defendants established, prima facie, that plaintiff did not suffer any serious injury to his cervical spine, lumbar spine or right shoulder by submitting the affirmed reports of a neurologist, orthopedic surgeon, and radiologist who found no evidence of acute traumatic injury in those body parts, that plaintiff had a full range of motion in those body parts, and that the bulging discs in plaintiff's spine were the result of longstanding degeneration (*see Steele v Santana*, 125 AD3d 523 [1st Dept 2015]; *Rickert v Diaz*, 112 AD3d 451 [1st Dept 2013]). Defendants also demonstrated that plaintiff did not suffer a serious injury to his lower jaw through the affirmation of a dentist who found no evidence of acute traumatic injury, no pain in the temporomandibular joints, clicking, crepitus, or deviation, and opined that there was nothing to suggest that the accident caused any injury to plaintiff's lower jaw (*see Deasis v Butler*, 107 AD3d 534 [1st Dept 2013]; *Guillaume v Reyes*, 22 AD3d 803 [2d Dept 2005]).

In opposition, plaintiff raised an issue of fact as to his claim of serious injury to his cervical and lumbar spine. Plaintiff submitted the affirmation of his treating doctor who observed substantial limitations in plaintiff's cervical and lumbar range of motion, both shortly after the accident and persisting after treatment, personally reviewed the MRIs of those parts, and opined that the injuries were traumatically induced by the accident, especially in light of plaintiff's age and lack of prior complaints of pain in those body parts (*see James v Perez*, 95 AD3d 788 [1st Dept 2012]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]).

However, plaintiff failed to raise an issue of fact as to his alleged serious injuries to his right shoulder and lower jaw. His doctor found only tendinosis and slight limitations in range of motion in plaintiff's right shoulder, which are insufficient for purposes of Insurance Law § 5102 (d) (*see Moore v Almanzar*, 103 AD3d 415 [1st Dept 2013]; *Haniff v Khan*, 101 AD3d 643 [1st Dept 2012]). Nevertheless, if plaintiff establishes at trial that his spinal injuries constitute serious injuries within the meaning of the Insurance Law, he can recover damages for all injuries proximately caused by the accident, even those that do not meet the serious injury threshold (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

As to the lower jaw claim, plaintiff failed to provide objective evidence to raise an issue as to whether his jaw sustained any injury. His doctor found a minimal limitation in the opening of the jaw, and his expert dentist failed to provide normal range of motion measurements to compare with plaintiff's observed range of motion, and did not find any qualitative limitation in use of the jaw (*see Mirdita v Ash Leasing Inc.*, 101 AD3d 480 [1st Dept 2012]; *Colon v Vincent Plumbing & Mech. Co.*, 85 AD3d 541, 543 [1st Dept 2011]).

Because the court granted defendants' motions on the threshold question of serious injury, it did not reach the merits of that branch of the motion of defendants Milon and G & H for summary judgment as to liability. Accordingly, we remand the matter for the motion court to consider that branch of the motion in the first instance. Concur—Tom, J.P., Friedman, Sweeny, Acosta and Andrias, JJ.