■ CHRISTOPHER BIRCH, Appellant, v 31 NORTHERN BLVD., INC., Respondent, et al., Defendant. [32 NYS3d 142]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 10, 2015, which granted defendant 31 Northern Blvd., Inc.'s motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of "permanent consequential" and "significant" limitations in use of the cervical and lumbar spine, and otherwise affirmed, without costs. Order, same court and Justice, entered August 4, 2015, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, and the motion granted, without costs.

Defendant made a prima facie showing that plaintiff did not sustain a serious injury to his cervical or lumbar spine or other

body parts by submitting expert reports by an orthopedist and neurologist, who found full range of motion in those parts and opined that the alleged injuries had resolved. In addition, defendant submitted an affirmed report by a radiologist, who found preexisting degenerative conditions in plaintiff's cervical and lumbar spine (*see Lee v Lippman*, 136 AD3d 411 [1st Dept 2016]; *Matos v Urena*, 128 AD3d 435 [1st Dept 2015]).

In opposition, plaintiff raised a triable issue of fact as to serious injury to his cervical and lumbar spine. His treating physician, who reviewed the MRI films, testified that they showed disc herniations and bulges at multiple levels in the cervical and lumbar spine, with no evidence of desiccation or other degenerative condition. The physician also reviewed results of electrodiagnostic testing showing radiculopathy and neuropathy, and detected spasms at several examinations. He opined that, given plaintiff's lack of symptoms before the accident and the history of the accident, the conditions were caused by the accident, thus presenting an opinion different from that of defendant's experts but equally plausible, which is sufficient to raise an issue of fact as to causation (*see Venegas v Signh*, 103 AD3d 562, 563 [1st Dept 2013]). The physician, who was not aware that plaintiff was bringing a lawsuit, did not record quantified limitations in range of motion after his examinations of plaintiff, and plaintiff was not required to present such evidence to raise an issue of fact (*see Perl v Meher*, 18 NY3d 208, 217 [2011]). In any event, at the most recent examination, the physician designated a percentage of plaintiff's loss of range of motion in certain planes, which is sufficient to raise an issue of fact (*see id.*).

Plaintiff did not present sufficient evidence to raise an issue of fact as to his other claimed injuries, but, if he demonstrates serious injury to his cervical or lumbar spine at trial, he may recover for all injuries causally related to the accident (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 550 [1st Dept 2010]).

Plaintiff established that defendant's driver, who drove onto the Harlem River Drive in the wrong direction, was negligent and that, as a back-seat passenger, plaintiff is entitled to summary judgment on the issue of liability. Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.