■ JUANA FRIAS, Appellant, v VICTOR CESAR GONZALEZ-VARGAS et al., Respondents. [47 NYS3d 30]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 14, 2015, which granted defendants' separate motions for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions to the extent they sought dismissal of plaintiff's claims that she suffered serious injuries involving two ribs, her cervical spine and her lumbar spine, and otherwise affirmed, without costs. Order, same court and Justice, entered March 2, 2016, which, to the extent appealed from, denied plaintiff's motion to renew, unanimously affirmed, without costs.

Defendants satisfied their prima facie burden of demonstrating that plaintiff did not sustain a serious injury to her right shoulder, cervical spine or lumbar spine by submitting the reports of their orthopedists and neurologists, who found full range of motion and opined that plaintiff's injuries had

resolved (*see Birch v 31 N. Blvd., Inc.*, 139 AD3d 580, 580-581 [1st Dept 2016]). They also submitted an MRI report prepared by plaintiff's radiologist, who found no evidence of a rotator cuff tear in the right shoulder, a report of a portable chest X ray taken in the emergency room, finding no rib fracture, and the report of an expert in emergency medicine, who opined that plaintiff's emergency room records were inconsistent with her claimed serious injuries.

In opposition, plaintiff raised an issue of fact concerning her claimed rib fractures by submitting the affirmed report of her radiologist, who took a second X ray a month after the accident, this one including multiple views, which revealed two fractured ribs on the right side. Although the initial X ray had not revealed those fractures, the emergency room records show that plaintiff complained of right-side rib pain days after the accident, and plaintiff's treating doctor diagnosed rib fracture or contusions caused by the accident. The record thus presents a factual issue as to whether the fractures were causally related to the accident (*see Uribe v Jimenez*, 133 AD3d 844 [2d Dept 2015]).

Plaintiff also raised an issue of fact as to her claim of significant and permanent consequential limitations of use of her cervical and lumbar spine. She submitted hospital records reflecting that she did make contemporaneous complaints of neck and back pain, the affirmed reports of her treating physicians who documented limitations in range of motion shortly after the accident, and affirmed reports of her pain management specialist who found continuing significant limitations three years later. Both treating physicians opined that plaintiff's spinal injuries were causally related to the accident. Plaintiff's pain management physician relied on MRI reports, included in the record, which revealed bulging and herniated discs in her cervical spine and bulging discs in her lumbar spine. These reports may be considered as they are not the sole evidence submitted in opposition to the motion (*see Rivera v Super Star Leasing, Inc.*, 57 AD3d 288, 288 [1st Dept 2008]). Although a subsequent follow-up MRI of the cervical spine over a year after the accident revealed degenerative changes, the report of the MRI taken shortly after the accident included no such findings, thus presenting issues of fact not subject to determination on a motion for summary judgment.

Plaintiff's submissions, however, were insufficient to raise an issue of fact as to her claimed right shoulder injury, since her medical experts failed to address or explain the absence of findings of shoulder injury in her initial MRI. The additional

medical affirmation that she submitted on renewal, which showed that she had surgery to repair a torn rotator cuff, acknowledged the existence of degenerative changes, but failed to adequately explain how the tear was caused by the accident three years earlier (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509, 509-510 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]).

In opposition to defendants' prima facie showing of the lack of a 90/180-day claim, plaintiff did not submit sufficient medical or other evidence to support her claim that she was disabled for more than three months after the accident (*see Brand v Evangelista*, 103 AD3d 539, 540 [1st Dept 2013]). Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.