■ LORRAINE L. CALLAHAN, Appellant, v DINA E. SHEKHMAN, Respondent. [52 NYS3d 41]—

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered February 16, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered February 1, 2016, which granted defendant's motion for summary judgment based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant made a prima facie showing that plaintiff did not suffer a permanent or significant limitation in use of her cervical or lumbar spine as a result of the motor vehicle accident through the submission of an orthopedic surgeon's report finding normal range of motion in each part (Insurance Law § 5102 [d]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff submitted affirmed reports of three physicians who treated her in the months following the accident, but none of them provided quantified results of range of motion testing or a qualitative assessment of any limitations in use resulting from injuries causally related to the accident (see Hospedales v "John Doe", 79 AD3d 536 [1st Dept 2010]). Plaintiff's physical therapist's findings were insufficient to raise an issue of fact, because a physical therapist cannot diagnose or make prognoses, and therefore any opinion she rendered on "permanency, significance [or] causation" would be "incompetent evidence" (Henchy v VAS Express Corp., 115 AD3d 478, 479 [1st Dept 2014]; see Tornatore v Haggerty, 307 AD2d 522, 522-523 [3d Dept 2003]). Plaintiff presented no evidence of recent limitations in use of her neck or back to raise an issue of fact as to permanency.

Defendant established that plaintiff did not sustain an injury in the 90/180-day category by submitting plaintiff's employment records showing that she returned to work part time less than 90 days after the accident, which defeats that claim (see Tsamos v Diaz, 81 AD3d 546 [1st Dept 2011]). Plaintiff failed to submit evidence sufficient to rebut that showing. Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.