■ LAURA MOORE-BROWN, Appellant, v SOFI HACKING CORP. et al., Respondents, et al., Defendants. [57 NYS3d 38]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered November 24, 2015, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Sofi Hacking Corp. and Mohammed Sakaria for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate a serious injury to her cervical spine within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury to her cervical spine by submitting the expert report of an orthopedist, who found full range of motion and opined that plaintiff's alleged injuries had resolved (*see Birch v 31 N. Blvd., Inc.*, 139 AD3d 580 [1st Dept 2016]). Those findings were consistent with the conclusion of defendants' neurologist who found no neurological deficits and a limitation in one plane of range of motion, which did not undermine his conclusion that plaintiff suffered no permanent injury as a result of the accident (*see Paduani v Rodriguez*, 101 AD3d 470 [1st Dept 2012]; *Sone v Qamar*, 68 AD3d 566 [1st Dept 2009]). Defendants' neurologist also relied on plaintiff's MRI report, which showed preexisting degenerative disc disease in her cervical spine, in concluding that she suffered no traumatic injury causally related to the accident (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]; *Colon v Vincent Plumbing & Mech. Co.*, 85 AD3d 541 [1st Dept 2011]). Defendants further demonstrated an absence of causation through the report of an expert in emergency room medicine, who opined that plaintiff's post-accident medical records showing no complaints of neck pain and a normal cervical exam, were inconsistent with any claim of traumatic injury to her cervical spine (*see Frias v Gonzalez-Vargas*, 147 AD3d 500, 501 [1st Dept 2017]). Furthermore, plaintiff testified that she did not seek treatment for her claimed cervical spine injuries from a neurologist until some eight months after the accident, which is "too remote in time to establish a causal relationship" between her claimed injuries and the accident (*Jones v MTA Bus Co.*, 123 AD3d 614, 615 [1st Dept 2014]; *see Henchy v VAS Express Corp.*, 115 AD3d 478, 479 [1st Dept 2014]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury to her cervical spine causally related to the accident (*see Mayo v Kim*, 135 AD3d

624, 625 [1st Dept 2016]). Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.