Hayes v Gaceur (2018 NY Slip Op 04080)





Hayes v Gaceur


2018 NY Slip Op 04080


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6791 6790

[*1]Shantel Hayes, Plaintiff-Appellant,
v
Noureddine Gaceur, et al., Defendants-Respondents.


McMahon & McCarthy, Bronx (Daniel C. Murphy of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered July 5, 2017, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to satisfy the serious injury threshold of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion to the extent it sought dismissal of plaintiff's claims that she suffered serious injuries to her cervical spine, both shoulders, and left knee, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 26, 2017, which, upon reargument, adhered to the prior order, unanimously dismissed, without costs, as academic.
Plaintiff alleges that she suffered serious injuries to her cervical, thoracic and lumbar spine, both shoulders and left knee, as a result of an accident that occurred when defendants' vehicle hit the side of her vehicle.
Defendants satisfied their prima facie burden of demonstrating that plaintiff did not sustain any serious injury by submitting the reports of a neurologist and orthopedist, who found full range of motion in all parts and opined that plaintiff's injuries had resolved (see Latus v Ishtarq, 159 AD3d 433, 433 [1st Dept 2018]; Moreira v Mahabir, 158 AD3d 518, 518 [1st Dept 2018]). Defendants also submitted a radiologist's report opining that the MRI of plaintiff's cervical spine was normal and showed no traumatic injury, and the emergency medicine expert, who opined that plaintiff's hospital records were inconsistent with her claimed serious injuries (see Frias v Gonzalez—Vargas, 147 AD3d 500, 501 [1st Dept 2017].
In opposition, however, plaintiff raised an issue of fact as to her claimed cervical spine, shoulder and left knee injuries through the report of her treating orthopedic surgeon. The physician examined plaintiff the day after the accident and on several occasions thereafter. He found limitations in range of motion of her cervical spine the day after the accident and on recent examination; he examined plaintiff's shoulders and left knee within a month after the accident and found limitations in range of motion at the initial examination and recently (see Perl v Meher, 18 NY3d 208, 218 [2011] ["Injuries can become significantly more or less severe as time passes"]; Windham v New York City Tr. Auth., 115 AD3d 597, 598 [1st Dept 2014]). In addition, he personally reviewed the MRI examinations of plaintiff's cervical spine, shoulders and left knee, and opined that they revealed objective evidence of injuries caused by the accident, rather than by degeneration (see Venegas v Signh, 103 AD3d 562, 563 [1st Dept 2013]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]).
Defendants' argument that plaintiff had a "gap" in treatment was not raised by defendants in their motion papers, when plaintiff would have had an opportunity to respond by submitting proof in support of her testimony that she received extensive treatment. Defendants' experts did not review any medical records, but plaintiff's physician affirmed that he reviewed medical records that demonstrated that plaintiff received continuing treatment after the accident. Accordingly, defendants' argument was waived and is unsupported by the record (see Paulling v [*2]City Car & Limousine Servs., Inc., 155 AD3d 481, 481 [1st Dept 2017]; Tadesse v Degnich, 81 AD3d 570 [1st Dept 2011]).
Defendants' contention that plaintiff's MRIs show degenerative conditions in the shoulders and left knee is improperly raised on appeal for the first time and is unsupported by their own medical experts. In any event, plaintiff's physician acknowledged findings of mild degeneration in the left knee MRI and opined that, given the absence of any prior symptoms, the accident caused her injury, which was an equally plausible explanation (Yuen, 80 AD3d at 482).
Plaintiff failed to raise an issue of fact as to whether she suffered injury to her thoracic or lumbar spine as a result of the accident, since she presented no objective evidence of injury causally related to the accident, but only findings of tenderness and limitations (see Shaw v Looking Glass Assoc., LP, 8 AD3d 100, 101 [1st Dept 2004]). Nevertheless, if plaintiff establishes at trial that she sustained a serious injury to her cervical spine, shoulders or left knee within the meaning of the Insurance Law, then she can recover damages for all injuries proximately caused by the accident (Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Defendants are entitled to dismissal of plaintiff's 90/180-day claim, based on the allegation in her bill of particulars that she was incapacitated from work for approximately four days after the accident, and her deposition testimony that she was confined to bed and home for approximately five weeks after the accident and was able to continue with work and studies in the relevant period (see Nakamura v Montalvo, 137 AD3d 695, 695 [1st Dept 2016]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK