Thompson v Bronx Merchant Funding Servs., LLC (2018 NY Slip Op 08086)





Thompson v Bronx Merchant Funding Servs., LLC


2018 NY Slip Op 08086


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7713 23050/12E

[*1]Juanita Terry Thompson, Plaintiff-Appellant,
v
Bronx Merchant Funding Services, LLC, et al., Defendants-Respondents.


Belovin Franzblau & Associates, PC, Bronx (David A. Karlin of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for Bronx Merchant Funding Services, LLC and Shajahan Ali, respondents.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Jay S. Gunsher of counsel), for Jason Samuels and Edward J. Samuels, respondents.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about July 13, 2017, which granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's inability to establish that she suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that she sustained serious injuries as a result of an accident that occurred when she was a seat-belted rear passenger in an access-a-ride van that was hit in the rear by a second vehicle. Specifically, she alleges that her right knee sustained injuries leading to a total knee replacement, as well as right shoulder impingement and cervical and lumbar spine disc bulges and herniations.
Defendants demonstrated prima facie through expert medical reports that plaintiff's alleged injuries had resolved and were preexisting degenerative conditions (see Birch v 31 N. Blvd., Inc., 139 AD3d 580, 581 [1st Dept 2016]). Their radiologists opined that plaintiff's post-accident MRI films showed osteoarthritis in the knee, osteophyte complex and disc dessication in the spine, and degenerative changes in the shoulder joint (see Lee v Lippman, 149 AD3d 411, 412 [1st Dept 2016]). Defendants' neurologist further opined that plaintiff suffered neuropathy related to her diabetes mellitis, not radiculopathy related to any spinal condition.
Defendants also relied on plaintiff's own medical records, which showed that she underwent arthroscopic surgery for her right knee two years before the accident and that her MRI showed "severe osteoarthritis" in that knee. Contrary to plaintiff's argument, defendants were entitled to rely on her unaffirmed medical records produced in discovery (see Galarza v J.N. Eaglet Publ. Group, Inc., 117 AD3d 488, 489 [1st Dept 2014]).
In opposition, plaintiff failed to raise an issue of fact as to whether any of her claimed injuries were causally related to the accident. Her orthopedic surgeon provided only a conclusory opinion that plaintiff's right knee osteoarthritis was aggravated and exacerbated, without addressing her prior surgery, and failed to explain why the preexisting conditions documented in plaintiff's medical records were not the cause of her symptoms or the extent of any exacerbation (see Auquilla v Singh, 162 AD3d 463 [1st Dept 2018]; Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]). Plaintiff submitted unaffirmed MRI reports of her right shoulder and spine, which could not be considered. Her physicians provided conclusory opinions that her claimed injuries in those parts were causally related to the accident, without adequately addressing the degenerative findings by defendants' radiologists and the findings in plaintiff's own MRI reports, including disc desiccation, osteophytes, and cystic structures, or the impact of plaintiff's diabetes (see Campbell v Drammeh, 161 AD3d 584, 585 [1st Dept 2018]; Khanfour v Nayem, 148 AD3d [*2]426, 427 [1st Dept 2017]).
Furthermore, plaintiff's deposition testimony that she missed only one day of work following the accident and her affidavit in which she said that she missed one week of work
defeat her 90/180-day claim (see e.g. Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK