Streety v Toure (2019 NY Slip Op 04487)





Streety v Toure


2019 NY Slip Op 04487


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9571 303118/15

[*1]Robert Streety, Plaintiff-Appellant,
v
Almami Toure, et al., Defendants-Respondents.


Lozner & Mastropietro, Brooklyn (Beth S. Gereg of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about July 3, 2018, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion except as to the "90/180-day" claim, and otherwise affirmed, without costs.
The report of defendants' expert emergency medicine physician is sufficient to establish their prima facie burden on the issue of causation insofar as the physician opined that the record of plaintiff's examination in the emergency room showed
findings inconsistent with his claimed injuries (see Hayes v Gaceur, 162 AD3d 437 [1st Dept 2018]; Moore-Brown v Sofi Hacking Corp., 151 AD3d 567, 567 [1st Dept 2017]; Frias v Gonzalez-Vargas, 147 AD3d 500, 501 [1st Dept 2017]).
In opposition, plaintiff raised an issue of fact as to serious injury of a permanent nature through the submission of his pertinent medical records documenting complaints of pain and treatment to the affected body parts within days of the accident (see Perl v Meher, 18 NY3d 208, 217-218 [2011]) as well as the affirmed report of his treating orthopedic surgeon, who reviewed plaintiff's medical history, his own treatment of plaintiff, and plaintiff's MRIs, and who recounted his direct observations of plaintiff's injuries during surgery and opined that they were causally related to the accident (see Liz v Munoz, 149 AD3d 646 [1st Dept 2017]; Hazel v Colon, 136 AD3d 483 [1st Dept 2016]).
However, plaintiff's "90/180-day" claim was correctly dismissed in light of his deposition testimony that he was confined to home for only about three weeks (see e.g. Hayes v Gaceur, 162 AD3d at 439; Thompson v Bronx Merchant Funding Servs., LLC, 166 AD3d 542, 544 [1st Dept 2018]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK