Diakite v PSAJA Corp. (2019 NY Slip Op 04875)





Diakite v PSAJA Corp.


2019 NY Slip Op 04875


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9641 301001/13

[*1]Ibrahima Diakite, Plaintiff-Appellant,
v
PSAJA Corp., et al., Defendants-Respondents.


Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Allison Y. Tuitt, J.), entered on or about April 20, 2018, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden of showing that plaintiff did not sustain a serious injury to his cervical spine, lumbar spine, or right shoulder by submitting the reports of their neurologist and orthopedic surgeon, who found that plaintiff had normal range of motion and opined that any alleged injuries had resolved with no permanent or residual effects (see Holloman v American United Transp. Inc., 162 AD3d 423, 423 [1st Dept 2018]; Frias v Gonzalez-Vargas, 147 AD3d 500, 500 [1st Dept 2017]). Defendants also submitted a radiologist's report which opined that plaintiff's MRIs showed degenerative conditions, including osteophytes, disc desiccation and hypertrophic spurring (see Andrade v Lugo, 160 AD3d 535, 535-536 [1st Dept 2018]; Moore-Brown v Sofi Hacking Corp., 151 AD3d 567, 567 [1st Dept 2017]). Defendants also observed a three year gap in treatment, from eight months after the accident, April 2013, to December 2016, which plaintiff failed to explain (Pommells v Perez, 4 NY3d 566, 572, 576 [2008]).
In opposition, plaintiff failed to raise a triable issue on causation. He submitted unaffirmed medical records, which showed that his own diagnostic studies revealed degeneration and osteoarthritis in his spine, and a report of an expert who examined him four years after the accident. The expert failed to refute or address the findings of preexisting degeneration in plaintiff's own medical records, or explain how the accident, rather than preexisting conditions, was the cause of the alleged spinal injuries (Andrade, 160 AD3d at 536; Lee v Lippman, 136 AD3d 411, 412 [1st Dept 2016]). The expert's bare statement was similarly insufficient to raise an issue of fact as to whether the shoulder condition was causally related to the accident (see Walker v Whitney, 132 AD3d 478, 479 [1st Dept 2015]).
Given the insufficient evidence that the subject accident caused plaintiff's back and shoulder injuries, he cannot establish his 90/180-day injury claim (see Henchy v VAS Express Corp., 115 AD3d 478, 480 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK