Gblah v New York City Tr. Auth. (2019 NY Slip Op 05198)





Gblah v New York City Tr. Auth.


2019 NY Slip Op 05198


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9748 22931/14

[*1]Samuel Gblah, et al., Plaintiffs-Appellants,
v
New York City Transit Authority, et al., Defendants-Respondents.


Hach & Rose, LLP, New York (John Blyth of counsel), for appellants.
Lawrence Heisler, Brooklyn (Alison Estess of counsel), for respondents.



Order, Supreme Court, Bronx County (Donald J. Miles, J.), entered on or about April 16, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff Janet Cole's claims based on her inability to satisfy the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden of showing that Cole did not sustain a serious injury to her lumbar spine by submitting the report of their neurologist who found that she had normal range of motion and opined that any alleged injuries had resolved with no neurological disabilities (see Holloman v American United Transp. Inc., 162 AD3d 423, 423 [1st Dept 2018]; Frias v Gonzalez-Vargas, 147 AD3d 500, 500 [1st Dept 2017]). They also relied on her testimony that she had a previous work-related lumbar spine injury for which she had surgery and received Social Security disability (see Pommells v Perez, 4 NY3d 566, 576 [2005]).
In opposition, plaintiff failed to raise an issue of fact. She offered no admissible medical evidence concerning any of her alleged serious injuries, but only unaffirmed medical records. In any event, if those unaffirmed medical records were considered, they would defeat her serious injury claim because they demonstrate that her lumbar spine injury, and subsequent surgeries, were causally related to the prior work-related injury, not the subject motor vehicle accident (see Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]; Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]). Moreover, the medical records contain no evidence of contemporaneous treatment of her lumbar spine in the period following the subject accident, which also indicates a lack of any causal connection (see Rosa v Mejia, 95 AD3d 402, 403 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK