Bonilla v Bathily (2019 NY Slip Op 07995)





Bonilla v Bathily


2019 NY Slip Op 07995


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10269 20651/14E

[*1] Alda Bonilla, Plaintiff-Respondent,
v
Balla Bathily, et al., Defendants-Appellants, Frederick Y. Appawu, Defendant-Respondent.


Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Colin F. Morrissey of counsel), for appellants.
Alda Lizette Bonilla Arzu, respondent pro se.
Russo & Tambasco, Melville (Jill Dabrowski of counsel), for Frederick Y. Appawu, respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered July 17, 2018, which denied defendants Bathily and IMF Associates' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that she suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, the motion granted and, upon a search of the record, defendant Appawu's motion for summary judgment granted as well. The Clerk is directed to enter judgment accordingly.
Defendants met their prima facie burden of demonstrating that plaintiff did not sustain a serious injury to her cervical spine, lumbar spine, and shoulders causally related to the accident. Defendants submitted plaintiff's own emergency room and medical records, which showed, among other things, that she made no complaints concerning her shoulders in the hospital and that her own doctors found evidence of degenerative disease and osteoarthritis. Defendants' emergency medicine specialist and orthopedist opined that the emergency room records were entirely inconsistent with any claim of traumatic injury to her spine or shoulders (see Moore-Brown v Sofi Hacking Corp., 151 AD3d 567, 567 [1st Dept 2017]). The orthopedist further opined that plaintiff's medical records, including MRI and operative reports, showed chronic, preexisting degenerative conditions, including osteoarthritis, facet disease, bursitis and chondromalacia (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Campbell v Drammeh, 161 AD3d 584, 585 [1st Dept 2018]). Defendants' radiologist also opined that the MRI films of plaintiff's shoulders and cervical spine showed preexisting degenerative conditions unrelated to the accident, and their neurologist found conditions relating to plaintiff's diabetes.
In opposition, plaintiff failed to raise an issue of fact as to her claimed injuries. While plaintiff submitted certified records showing post-accident treatment of her cervical spine and lumbar spine, the affirmed report of her medical expert did not provide the results of any recent examination or provide any opinion as to the cause of those conditions, so that plaintiff presented no admissible evidence sufficient to raise an issue of fact (see Callahan v Shekhman, 149 AD3d 454, 455 [1st Dept 2017]; Green v Domino's Pizza, LLC, 140 AD3d 546, 546-547 [1st Dept 2016]). As for the claimed shoulder injuries, plaintiff's certified medical records provided no evidence of contemporaneous treatment, and thus did not causally connect the injuries to the accident (Moore-Brown v Sofi Hacking Corp., 151 AD3d at 567; Jones v MTA Bus Co., 123 AD3d 614, 615 [1st Dept 2014]). Moreover, plaintiff's expert failed to adequately address the degenerative findings in plaintiffs' own medical records and MRI reports or to explain why those [*2]degenerative conditions could not have been the cause of plaintiff's claimed shoulder injuries (see Franklin v Gareyua, 136 AD3d 464, 465-466 [1st Dept 2016], affd 29 NY3d 925 [2017]; Campbell v Drammeh, 161 AD3d at 585).
Because plaintiff cannot meet the serious injury threshold against the appealing defendants, she cannot meet it against the nonappealing defendant (Lall v Ali, 101 AD3d 439 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK