Hamilton v Marom (2019 NY Slip Op 08615)





Hamilton v Marom


2019 NY Slip Op 08615


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10492 25434/15

[*1] Ronald Hamilton, Plaintiff-Appellant,
v
David Marom, Defendant-Respondent.


Ogen & Sedaghati, P.C., New York (Eitan Ogen of counsel), for appellant.
Clausen Miller, P.C., New York (Don R. Sampen of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered October 26, 2018, which, to the extent appealed from as limited by the briefs, granted the branch of defendant's motion for summary judgment dismissing plaintiff's claim of a serious injury to his right shoulder, unanimously reversed, on the law, without costs, and that part of the motion denied.
Defendant satisfied his prima facie burden of showing that plaintiff did not sustain a serious injury to his right shoulder by submitting the reports of a neurologist and orthopedist, who found that plaintiff had normal range of motion and opined that any alleged injuries had resolved with no permanent or residual effects (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]; Frias v Gonzalez-Vargas, 147 AD3d 500 [1st Dept 2017]). Defendant also pointed to plaintiff's deposition testimony acknowledging a prior right shoulder injury for which he had arthroscopic surgery about 10 years earlier.
In opposition, plaintiff raised a triable issue of fact through the reports of his treating physician and orthopedic surgeon who found limitations in range of motion, and who acknowledged the prior injury and surgery, and opined that there was a causal relationship between plaintiff's current right shoulder injuries and the accident. The surgeon opined, based on plaintiff's history, his own treatment of plaintiff, his review of the MRI report, and observations during surgery that the tears in plaintiff's shoulder were traumatically induced, noting that plaintiff had been asymptomatic before the accident (see Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]; Portillo v Island Master Locksmith, Inc., 160 AD3d 463 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK