Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC (2020 NY Slip Op 01751)





Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC


2020 NY Slip Op 01751


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


177 CA 18-02307

[*1]LUNDY DEVELOPMENT & PROPERTY MANAGEMENT, LLC, PLAINTIFF-APPELLANT,
v
COR REAL PROPERTY COMPANY, LLC, DEFENDANT-RESPONDENT. 






SHEATS & BAILEY, PLLC, LIVERPOOL (EDWARD SHEATS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MANNION & COPANI, SYRACUSE (GABRIELLE MARDANY HOPE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 20, 2018. The order, among other things, dismissed plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the complaint is reinstated, and the matter is remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action for, inter alia, breach of contract following defendant's termination of an agreement to purchase real property from plaintiff. Plaintiff subsequently moved to compel discovery, and defendant cross-moved to dismiss the complaint on several grounds. Supreme Court granted the cross motion on the ground that plaintiff's remedy was contractually limited to retaining the deposit, and it did not address the alternative grounds for dismissal advanced in the cross motion. In light of its determination, the court denied plaintiff's motion to compel as moot. Plaintiff appeals, and we now reverse the order and reinstate the complaint.
A limitation of remedies "will not be implied and to be enforceable must be clearly, explicitly and unambiguously expressed in a contract" (Terminal Cent. v Modell & Co., 212 AD2d 213, 218 [1st Dept 1995]). Indeed, "[s]uch clauses are . . . strictly construed against the party seeking to avoid liability" (id. at 219), and " a provision must be included in the agreement limiting a party's remedies to those specified in the contract in order for courts to find that th[o]se remedies are exclusive' " (HealthNow N.Y., Inc. v David Home Bldrs., Inc., 176 AD3d 1602, 1604 [4th Dept 2019]). Here, nothing in the contract stated that plaintiff's contractual right to retain the deposit upon defendant's breach was plaintiff's sole and exclusive remedy for such a breach. The court thus erred in granting the cross motion on that ground (see id.; Sutton Madison, Inc. v 27 E. 65th St. Owners Corp., 8 AD3d 90, 92 [1st Dept 2004]).
Inasmuch as the court did not address the alternative grounds for dismissal raised in the cross motion, we remit the matter to Supreme Court to consider those grounds and determine the cross motion anew (see Torres v Etilee Taxi, Inc., 136 AD3d 437, 439 [1st Dept 2016]; Matter of New York Mills Redevelopment Co., LLC v Town of Whitestown, 88 AD3d 1281, 1284 [4th Dept 2011]; Colon v Bernabe, 65 AD3d 969, 971 [1st Dept 2009]). Given our reinstatement of the complaint, the motion to compel is no longer moot, and we also direct Supreme Court to determine that motion as necessary upon remittal (see Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1494-1495 [4th Dept 2019]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court