■ SHU CHI LAM, Appellant, v WANG DONG et al., Respondents. [922 NYS2d 381]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 2, 2009, which, in an action for personal injuries sustained when plaintiff pedestrian was struck by a motor vehicle, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law by submitting affirmed medical reports of an orthopedist and a neurologist who concluded that plaintiff did not sustain a "permanent consequential limitation of use" or "significant limitation of use" of his head, neck or left knee (Insurance Law § 5102 [d]). Defendants also submitted affirmed reports of two radiologists who concluded that the MRIs of plaintiff's neck, left knee and brain revealed preexisting degenerative conditions in the neck and knee, and a prior stroke in the brain. Defendants further alluded to plaintiff's testimony that he had fractured his left knee 30 years ago.

In opposition, plaintiff failed to raise a triable issue of fact. He presented an affirmed report of his orthopedist, who found limited ranges of motion in the neck and left knee over one year after the accident, and concluded that the injuries were causally related to the accident. However, absent admissible contemporaneous evidence of alleged limitations, plaintiff cannot raise an inference that his injuries were caused by the accident (see

*Clemmer v Drah Cab Corp.*, 74 AD3d 660, 662-663 [2010]; *Rivera v Honey Express Cab Corp.*, 70 AD3d 578 [2010]). Plaintiff also failed to submit more recent examination results to rebut the findings of defendants' experts of full ranges of motion more than a year after the orthopedist's examination. Although plaintiff's expert acknowledged that the MRI reports noted degenerative changes in the neck and left knee and a prior stroke in plaintiff's brain, he set forth no objective basis or reason, other than the history provided by plaintiff, for concluding that the injuries resulted from the accident (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Clemmer*, 74 AD3d at 662).

Dismissal of plaintiff's 90/180-day claim was also appropriate, since plaintiff failed to raise a triable issue of fact as to causation or submit medical proof in support of the claim (*see Amamedi v Archibala*, 70 AD3d 449, 450 [2010], *lv denied* 15 NY3d 713 [2010]; *Valentin v Pomilla*, 59 AD3d 184, 186-187 [2009]). Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.