SARA MARTINEZ, Respondent, v GOLDMAG HACKING CORP. et al., Appellants. [944 NYS2d 555]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 12, 2011, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law,

to grant the motion as to the "permanent consequential limitation of use" and "significant limitation of use" categories of serious injury, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff suffered neither a "permanent consequential limitation of use" nor a "significant limitation of use" of her left knee or lumbar spine. The orthopedic surgeon who examined plaintiff in August 2010 reported findings of a full range of motion in her lumbar spine and a range of motion in her left knee that was identical to that of her uninjured right knee, and the finding of a mere contusion on the left knee that had since resolved. The radiologist who reviewed MRIs of plaintiff's lumbar spine and the X ray of plaintiff's left tibia and fibula found no evidence of trauma or causally related injury (*see e.g. Antonio v Gear Trans Corp.*, 65 AD3d 869 [2009]; *Thompson v Abbasi*, 15 AD3d 95 [2005]).

Plaintiff failed to present any evidence of a recent examination supporting the alleged "permanent consequential" or "significant limitation" injuries (*see e.g. Shu Chi Lam v Wang Dong*, 84 AD3d 515 [2011]). Her treating orthopedic surgeon had not examined her since October 2009, which was about one month after her surgery and nearly 10 months before defendants' orthopedic surgeon examined her, and did not quantify any limitations or opine as to qualitative limitations at that time (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]).

Although defendants made out their prima facie case as to plaintiff's 90/180-day claim, plaintiff raised an issue of fact by submitting her orthopedic surgeon's determination, made during the relevant period, that she was not able to work, was totally disabled, and required arthroscopic surgery to repair her knee, and her testimony that she was confined to her home for eight months after the accident and had only recently resumed her customary daily activities (*see e.g. Williams v Tatham*, 92 AD3d 472, 473 [2012]). We note that if plaintiff ultimately prevails on her 90/180-day claim, she will be "entitled to recover damages that justly and fairly compensate[ ] . . . her for *all* injuries proximately caused by the accident" (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [2010]; *see Delgado v Papert Tr., Inc.*, 93 AD3d 457 [2012]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.