Order, Supreme Court, New York County (George J. Silver, J.), entered October 11, 2011, which, to the extent appealed from as limited by the briefs, denied defendants’ motion for summary judgment dismissing the complaint based on the grounds of lack of negligence and failure to establish a serious injury under the permanent loss, permanent consequential and significant limitation categories of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendants made a prima facie showing that defendant bus driver acted reasonably in an emergency situation not of his own making and thus was not negligent (see Caristo v Sanzone, 96 NY2d 172, 174 [2001]; Rahimi v Manhattan & Bronx Surface *507 Tr. Operating Auth., 43 AD3d 802, 803 [2007]). Indeed, the bus driver testified that the bus was crossing an intersection when a car, traveling in the opposite direction, crossed over the double yellow lines and cut in front of the bus in order to make a left turn, forcing the bus driver to apply the brakes. Plaintiff’s testimony that the bus driver was “speeding” was insufficient to raise a triable issue of fact (see Alston v American Tr., Inc., 82 AD3d 546, 547 [2011]).
Defendants also made a prima facie showing that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) by submitting expert medical reports finding normal ranges of motion in the claimed affected body parts and no objective evidence that any limitations resulted from the accident (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590 [2011]). The finding of a minor limitation in plaintiffs lumbar spine by one of defendants’ physicians was “insignificant for purposes of Insurance Law § 5102 (d)” (Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [2010]). In opposition, plaintiff failed to raise a triable issue of fact, since she did not submit any objective evidence of limitations based on a recent examination of any of the subject body parts (see Shu Chi Lam v Wang Dong, 84 AD3d 515, 516 [2011]; Townes v Harlem Group, Inc., 82 AD3d 583, 584 [2011]). The most current medical evidence upon which plaintiff relied was the affirmed report of one of her treating physicians, outlining treatment she received in 2007, nearly three years before defendants’ experts’ findings of full range of motion (see Zambrana v Timothy, 95 AD3d 422 [2012]). Concur — Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.