■ WENDY ORTIZ, Appellant, v HOFED MOHAMMED SALAHUD-DIN et al., Respondents. [959 NYS2d 64]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 15, 2011, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied insofar as it seeks dismissal of plaintiff's claim of serious injury to her right knee, and otherwise affirmed, without costs.

Defendants met their prima facie burden of demonstrating that plaintiff did not sustain a serious injury to her right knee, cervical spine and lumbar spine by submitting the affirmation of an orthopedic surgeon, a neurologist and a radiologist who found no evidence of acute or recent trauma, normal ranges of motion (*see Robinson v Joseph*, 99 AD3d 568 [1st Dept 2012]) and only a degenerative injury in the right knee (*see Depena v Sylla*, 63 AD3d 504, 505 [1st Dept 2009], *lv denied* 13 NY3d 706 [2009]). In opposition, plaintiff raised an issue of fact with respect to the alleged right knee injury by submitting the affirmation of a radiologist finding that an MRI taken shortly after the accident showed a meniscal tear, as well as an affirmation from her orthopedic surgeon stating that he observed the torn meniscus and repaired it when he performed arthroscopy (*see Suazo v Brown*, 88 AD3d 602 [1st Dept 2011]). The surgeon's affirmation further states that plaintiff suffered limitations in movement that are permanent and were caused by the accident. He based his conclusion on surgical observations, multiple examinations, and his review of MRI reports (*see Salman v Rosario*, 87 AD3d 482, 483-484 [1st Dept 2011]).

Plaintiff correctly argues that she was not required to proffer proof of a quantitative assessment contemporaneous with the accident, and the certified records of a prior physician, who referred her for the MRI and to the surgeon who performed arthroscopy, were sufficient to establish that she sought medical treatment for her knee injury shortly after the accident (*see Perl v Meher*, 18 NY3d 208 [2011]).

Defendants met their initial burden of showing that plaintiff did not suffer a serious injury with respect to her alleged cervical spine strain or sprain, by pointing to the absence of any objective medical evidence of injury and plaintiff's admission, at an independent medical examination, that her neck was now "OK." They similarly met their burden with respect to the alleged lumbar spine injury by proffering the affirmation of a physician opining that the injury was pre-existing (*see Camacho v Espinoza*, 94 AD3d 674 [1st Dept 2012]). In opposition, plaintiff did not raise an issue of fact since she failed to offer any evidence of a recent examination showing any significant or consequential limitations in range of motion (*see Vega v MTA Bus Co.*, 96 AD3d 506, 507 [1st Dept 2012]). Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ.