Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 1, 2012, which denied defendant’s motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion to the extent of finding that plaintiff’s claimed left knee, back and neck injuries are not serious as a matter of law, and otherwise affirmed, without costs.
Defendant made a prima facie showing that plaintiff did not suffer a serious injury by submitting the affirmed report of its radiologist stating that there were no abnormalities in the MRI (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 351-352 [2002]).
In opposition, plaintiff raised a triable issue of fact with respect to his right knee only. Plaintiff’s treating orthopedic surgeon found tears of multiple ligaments in plaintiffs right knee on his review of the MRI films, and during the arthroscopic surgical procedure (see Daniels v S.R.M. Mgt. Corp., 100 AD3d 440, 440 [1st Dept 2012]). Although plaintiff did not submit any objective evidence of limitations based on a recent examination of any of the subject body parts, defendant’s medical expert reported significant limitations of range of motion in flexion of plaintiffs right knee, which was sufficient to raise a triable issue of fact (see Torres v Knight, 63 AD3d 450, 451 [1st Dept 2009]). Further, plaintiffs surgeon more than adequately addressed defendant’s expert’s conclusory opinion on causation by noting the absence of any pre-accident history of symptoms in the affected body parts (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 591 [1st Dept 2011]).
Although defendants met their initial burden as to plaintiffs 90/180-day claim, plaintiff raised a triable issue of fact. Specifically, plaintiff submitted his orthopedic surgeon’s affirmed report stating that, during the relevant period, plaintiffs right knee required arthroscopic surgery and an immobilizer for “at least three, possibly four months” after the surgery. In addition, plaintiff submitted her testimony that she wore a brace during that time (see Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]).
We note that if a jury determines that plaintiff suffered any serious injury, it may award him damages for all his injuries proximately caused by the accident, even those that do not meet *474 the serious injury threshold (see id.). Concur — Mazzarelli, J.E, Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.