■ CAROLYN S. JONES, Respondent, v MTA BUS COMPANY et al., Appellants. [999 NYS2d 68]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 7, 2013, which denied defendants' motion for summary judgment dismissing the complaint on the issue of liability and for failure to meet the serious injury threshold pursuant to Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that, as a result of being struck by closing doors as she was exiting an MTA bus, she suffered posttraumatic psychosis and brain injuries, as well as various injuries to her left eye, neck, right shoulder, knee, and elbow. Defendants demonstrated prima facie that plaintiff's claimed psychological and brain conditions preexisted the subject accident by submitting plaintiff's medical records (see Knoll v Seafood Express, 17 AD3d 233 [1st Dept 2005], affd 5 NY3d 817 [2005]; Shu Chi Lam v Wang Dong, 84 AD3d 515 [1st Dept 2011]). In addition, they submitted the affirmed expert report of a neuropsychologist who, after conducting a battery of tests and reviewing plaintiff's medical records, opined that her well-documented symptoms existed prior to the incident and there was no basis for finding either that she sustained any brain injury or psychological injury as a result of the incident, or that any preexisting condition was exacerbated by the incident. Plaintiff waived any technical objection to the psychological expert's report based on the form in which it was submitted (CPLR 2106, 2309), and it was therefore improper for the court to refuse sua sponte to consider it on that ground (Long v Taida

*Orchids, Inc.*, 117 AD3d 624 [1st Dept 2014]; *see Shinn v Catanzaro*, 1 AD3d 195 [1st Dept 2003]).

As for plaintiff's other claimed injuries, defendants met their burden by relying on plaintiff's testimony that her eye stopped hurting within weeks of the accident, and her post-accident hospital and medical records showing that she made no complaints until about five months after the accident, which was too remote in time to establish a causal relationship (*see Rosa v Mejia*, 95 AD3d 402, 404 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact as to any of her claims (*see Rivera v Benaroti*, 29 AD3d 340 [1st Dept 2006]). Her primary care physician stated that she did not suffer from any psychological and brain conditions before the accident, but he did not address the prior medical records in the record. Moreover, he did not opine that those conditions were causally related to the accident. Plaintiff submitted no objective evidence supporting her other injuries and no medical opinion that they were causally related to the accident or permanent.

Since plaintiff failed to meet the serious injury threshold, it is unnecessary to consider whether defendants met their burden on the alternate ground of lack of liability. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.