■ Awilda Acosta, Appellant, v Moussa Traore et al., Respondents. [24 NYS3d 652]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 25, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint due to plaintiff's inability to demonstrate that she suffered a serious injury to her left knee within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law by submitting the affirmed report of an orthopedic surgeon who opined that the condition of plaintiff's left knee was degenerative in nature, and by relying on plaintiff's medical records, which contained similar findings of arthritis and degeneration (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]; *Galarza v J.N. Eaglet Publ. Group, Inc.*, 117 AD3d 488 [1st Dept 2014]).

In opposition, plaintiff failed to raise a triable issue of fact as to causation. Her treating orthopedic surgeon did not adequately refute or address the findings of preexisting degeneration found in plaintiff's own medical records, or explain how the accident, rather than her preexisting arthritis or obesity, was the cause of the alleged injury to plaintiff's left knee (*see Alvarez*, 120 AD3d at 1044; *Nicholas v Cablevision Sys. Corp.*, 116 AD3d 567 [1st Dept 2014]; *Batista v Porro*, 110 AD3d 609 [1st Dept 2013]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.