■ ZAIDA DE LA ROSA, Appellant, v RICHARD OKWAN et al., Respondents. [45 NYS3d 443]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about November 5, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established prima facie that plaintiff did not sustain a serious injury involving a "permanent consequential" or "significant" limitation of use of her cervical or lumbar spine or right shoulder (*see* Insurance Law § 5102 [d]). Their orthopedist concluded, based on physical examination and review of plaintiff's medical records, that plaintiff sustained no injuries as a result of the low-speed accident (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [1st Dept 2011]). Their orthopedic expert opined, based on plaintiff's own MRI report finding bony impingement and her surgeon's operative report finding hypertrophic synovitis in the shoulder, that plaintiff did not suffer any traumatic shoulder injury, but had a chronic condition. Defendants' expert in emergency medicine opined that the records of plaintiff's emergency room visits demonstrated that plaintiff sustained no significant injury as a result of the accident. Moreover, plaintiff's deposition testimony demonstrated that she walked home after the accident and did not seek any treatment for the following three days.

In opposition, plaintiff failed to raise an issue of fact as to any permanent consequential limitation in use of her spine, since she provided no proof of any recent findings of limitations (*see Vega v MTA Bus Co.*, 96 AD3d 506 [1st Dept 2012]; *Ortiz v Salahuddin*, 102 AD3d 617, 618 [1st Dept 2013]). Nor did her medical evidence raise an issue of fact as to any significant limitation in use (*see Vasquez v Almanzar*, 107 AD3d 538 [1st Dept 2013]). Plaintiff's experts' conclusory statements that her shoulder injury was caused by the accident failed to address the findings of bony impingement and large anterior spur found in her own physicians' MRI and operative reports and to explain why those conditions were not the cause of her shoulder condition (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044

[1st Dept 2014], *affd* 24 NY3d 1191 [2015]; *Kone v Rodriguez*, 107 AD3d 537, 538 [1st Dept 2013]).

Plaintiff's 90/180-day claim is refuted by the allegations in her bill of particulars (*see Mena v White City Car & Limo Inc.*, 117 AD3d 441 [1st Dept 2014]). Moreover, plaintiff failed to substantiate her claimed loss of work with proof that her absences from work were medically determined (*see Nicholas v Cablevision Sys. Corp.*, 116 AD3d 567 [1st Dept 2014]). Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.