■ BORIS VISHEVNIK, Appellant, v FADE BOUNA et al., Respondents. [48 NYS3d 93]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 20, 2015, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury within the meaning of Insurance Law § 5102 (d), and denied plaintiff's cross motion to amend his bill of particulars to add claims of serious injury to his cervical spine, lumbar spine and right shoulder, unanimously modified, on the law, to deny defendants' motion to the extent it sought dismissal of plaintiff's 90/180-day claim and proposed cervical and lumbar spine claims, and to grant plaintiff's cross motion to the extent of granting leave to amend the bill of particulars to add claims of serious injury to his cervical and lumbar spine, and otherwise affirmed, without costs.

In support of their motion for summary judgment, defendants failed to submit evidence addressing plaintiff's claim that he suffered a nonpermanent serious injury preventing him from performing his customary daily activities for at least 90 of the 180 days following the accident. Since defendants did not meet their prima facie burden on the 90/180-day claim, the burden did not shift to plaintiff and it is unnecessary to consider the sufficiency of his evidence in opposition (*see Singer v Gae Limo Corp.*, 91 AD3d 526 [1st Dept 2012]). If the trier of fact finds that plaintiff sustained a serious injury, it may award damages to compensate him for all injuries proximately caused by the accident, whether or not they meet the serious injury threshold (*id.* at 527).

Defendants did make a prima facie showing that plaintiff did not sustain a serious injury to his right knee, as pleaded in his bill of particulars, or to his right shoulder, cervical spine or lumbar spine. Their expert examined plaintiff and found that he had full range of motion in each of those parts, and no permanent injuries as a result of the accident (*see Birch v 31 N. Blvd., Inc.*, 139 AD3d 580 [1st Dept 2016]; *Perdomo v City of New York*, 129 AD3d 585 [1st Dept 2015]).

In opposition, plaintiff submitted no medical evidence to support his claims of injury to his right knee or shoulder, and those claims were thus properly dismissed (*see Walker v Whitney*, 132 AD3d 478 [1st Dept 2015]). However, plaintiff submitted the report of his treating physician and certified medical records, which were sufficient to raise issues of fact as to whether he sustained serious injuries to his cervical and lumbar spine as a result of the accident. At several examina-

tions, his physician found objective evidence of cervical and lumbar disc injuries and significant limitations in range of motion. Further, he opined that the elderly plaintiff's injuries were causally related to the accident, notwithstanding a minimal finding of degeneration in his lumbar spine MRI, as he had no prior injuries to those parts (see Perl v Meher, 18 NY3d 208 [2011]).

Contrary to defendants' contentions, the physician's report was properly affirmed "under the penalties of perjury" (CPLR 2106; cf. Offman v Singh, 27 AD3d 284 [1st Dept 2006]), and the certified medical records may be considered for the purpose of demonstrating that plaintiff sought medical treatment for his claimed injuries contemporaneously with the accident and continuing for a significant period of time thereafter (Ortiz v Salahuddin, 102 AD3d 617 [1st Dept 2013]).

Since plaintiff demonstrated that defendants would not be prejudiced or surprised by their proposed amendments to the bill of particulars, and demonstrated the potential merit of his claims of serious injury to his cervical spine and lumbar spine, his motion for leave to amend the bill of particulars should have been granted to that extent (compare Henchy v VAS Express Corp., 115 AD3d 478, 479 [1st Dept 2014]). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.