■ MAHMOUD M. KHANFOUR, Appellant, v MOHAMMAD NAYEM et al., Respondents. [49 NYS3d 394]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 21, 2016, which granted defendants' motion for summary judgment dismissing the complaint due to plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff alleges that he suffered serious injuries to his cervical and lumbar spine as a result of a motor vehicle accident, and that injuries he suffered in two accidents 10 years earlier had resolved many years earlier.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury to his cervical or lumbar spine as a result of the subject accident by submitting expert reports by an orthopedist and neurologist, who found full range of motion in those parts and opined that the alleged injuries had resolved (*see Birch v 31 N. Blvd., Inc.*, 139 AD3d 580, 580-581 [1st Dept 2016]). Defendants also submitted a report by a radiologist, who found no sign of injury in the lumbar spine, but preexist-

ing degenerative conditions, including disc desiccation and osteophytes, in plaintiff's cervical spine (*see Lee v Lippman*, 136 AD3d 411, 412 [1st Dept 2016]). In addition, their orthopedist reviewed plaintiff's medical records, which included an X-ray report that similarly found multilevel disc disease and osteophytes in plaintiff's cervical spine (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]).

In opposition, plaintiff failed to raise a triable issue of fact as to either his cervical spine or his lumbar spine. As to the cervical spine claim, plaintiff submitted an MRI report finding herniations and the report of his pain management specialist who found persisting limitations in range of motion and opined that they were causally related to the accident. However, plaintiff's earlier treating physician acknowledged that plaintiff's own X-ray report revealed multilevel "disc disease" and "bilateral foraminal impingement due to foraminal osteophytes." Since plaintiff's own medical records provided evidence of preexisting degenerative changes, his pain management specialist's conclusory opinion, lacking any medical basis, was insufficient to raise an issue of fact since it failed to explain how the accident, rather than the preexisting disc disease and osteophytes, could have been the cause of plaintiff's cervical spine condition (*see Acosta v Traore*, 136 AD3d 533 [1st Dept 2016]; *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d at 1044).

As to the lumbar spine claim, plaintiff submitted a radiologist's report finding a bulging disc with foraminal impingement, and his pain management specialist opined that the lumbar condition was caused by the accident. There was no evidence contradicting plaintiff's testimony that his previous back injury had fully healed some 10 years before the subject accident. However, plaintiff's postaccident treatment records show that he had normal or near normal range of motion within two months after the accident, which is insufficient to support a serious injury claim (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). Three years later, plaintiff's pain management specialist found arguably significant limitations in lumbar spine range of motion, but failed to reconcile his findings with the earlier conflicting findings, and defendants are therefore entitled to summary judgment (*see Colon v Torres*, 106 AD3d 458 [1st Dept 2013]; *Jno-Baptiste v Buckley*, 82 AD3d 578 [1st Dept 2011]). Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.