Andrade v Lugo (2018 NY Slip Op 02713)





Andrade v Lugo


2018 NY Slip Op 02713


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6330 311383/11

[*1]Sagrario Lainez Andrade, Plaintiff-Appellant,
v
Arcadio Lugo, et al., Defendants-Respondents, Jacqueline Castro, Defendant.


Gratt & Associates, P.C., Garden City (Lisa M. Comeau of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about February 7, 2017, which granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff did not sustain a serious injury to her cervical spine or lumbar spine as a result of the accident, by submitting the expert report of an orthopedic surgeon and by relying on plaintiff's own medical records. The surgeon opined that plaintiff's own MRI reports and the operative report of her right shoulder showed preexisting degenerative conditions not causally related to the accident, including multilevel degenerative disc disease in the spine (see Moore-Brown v Sofi Hacking Corp., 151 AD3d 567, 567 [1st Dept 2017]; Fernandez v Hernandez, 151 AD3d 581, 582 [1st Dept 2017]), and a large anterolateral spur and extensive fraying in the shoulder (see De La Rosa v Okwan, 146 AD3d 644, 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff failed to raise an issue of fact as to causation of any of her claimed injuries. Plaintiff's orthopedic surgeon opined that her conditions were causally related to the accident, but failed to refute or address the findings of preexisting degeneration in plaintiff's own medical records, or explain how the accident, rather than her preexisting conditions, was the cause of the alleged spinal and shoulder injuries (see Khanfour v Nayem, 148 AD3d 426, 427 [1st Dept 2017]; see De La Rosa, 146 AD3d at 644; Alvarez, 120 AD3d at 1044). With respect to plaintiff's claimed right shoulder injury, although her doctor's operative report recited that there were "no degenerative findings," the same report included findings of a large spur and extensive fraying. The doctor did not dispute that those conditions set forth in his operative report were degenerative or address those conditions at all in his report. Thus, plaintiff's doctor's opinion that the shoulder condition is causally related to the accident was too conclusory to raise an issue of fact (see Alvarez, 120 AD3d at 1044; Wenegieme v Harriot, 157 AD3d 412 [1st Dept 2018]; De La Rosa v Okwan at 644; Brown v Bawa, 144 AD3d 448, 449 [1st Dept 2016], lv denied 29 NY3d 903 [2017]).
Defendants met their prima facie burden with respect to plaintiff's 90/180-day claim by demonstrating that plaintiff's alleged injuries were preexisting and unrelated to the accident. Plaintiff, who was already limited in her activities due to knee replacement surgery and other conditions, failed to raise an issue of fact as to whether any condition causally related to the accident rendered her incapacitated for at least 90 days of the first 180 days following the accident (see Henchy v VAS Express Corp., 115 AD3d 478, 480 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK