Sosa-Sanchez v Reyes (2018 NY Slip Op 03937)





Sosa-Sanchez v Reyes


2018 NY Slip Op 03937


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6766 302213/14

[*1]Angel O. Sosa-Sanchez, Plaintiff-Appellant,
v
Rolando Reyes, et al., Defendants-Respondents,


Mark E. Weinberger, P.C., Rockville Centre (Eric M. Parchment of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Stacy R. Seldin of counsel), for respondents.



Order, Supreme Court, Bronx County (Armando Montano, J.), entered on or about May 4, 2017, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants met their initial burden by submitting the affirmed reports of a neurologist, an emergency medicine specialist, and a radiologist. Defendants' neurologist found full range of motion in plaintiff's spine and normal results on diagnostic tests, and opined that plaintiff's alleged injuries had resolved (Frias v Son Tien Liu, 107 AD3d 589 [1st Dept 2013]). Defendants' expert in emergency medicine opined that the records of plaintiff's emergency room visit demonstrated that any claimed injuries could not be causally related to the subject accident, and defendants' radiological expert opined that plaintiff's spinal conditions, including osteophytes and bony overgrowth, were degenerative in nature, and unrelated to the accident (see Khanfour v Nayem, 148 AD3d 426, 426-427 [1st Dept 2017]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff submitted his own unaffirmed MRI reports, which showed bulging and herniated discs, but also documented degenerative conditions such as bony ridge and spur formations and loss of disc hydration. Plaintiff's physician provided only a conclusory opinion that plaintiff's injuries were caused by the accident, without addressing the preexisting and degenerative conditions documented in plaintiff's own MRIs or explaining why plaintiff's current reported symptoms were not related to the preexisting conditions (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]).
Defendants' initial demonstration that plaintiff's conditions were not causally related to the accident also met their prima facie burden on plaintiff's 90/180-day claim (see Paulling v City Car & Limousine Servs., Inc., 155 AD3d 481, 482 [1st Dept 2017]; and see Simpson v [*2]Montag, 81 AD3d 547, 548 [1st Dept 2011]). In opposition, plaintiff's expert failed to raise an issue of fact as to causation (see Barry v Arias, 94 AD3d 499, 500 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK