Auquilla v Singh (2018 NY Slip Op 04106)





Auquilla v Singh


2018 NY Slip Op 04106


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6823 304708/14

[*1]Efrain Auquilla, Plaintiff-Appellant,
v
Manjit Singh, Defendant-Respondent.


Ferro, Kuba Mangano Sklyar, P.C., Hauppauge (Kenneth E. Mangano of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Stacy R. Seldin of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered February 10, 2017, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that he suffered serious injuries to his right knee, cervical spine and lumbar spine as the result of a motor vehicle accident. Defendants met their prima facie burden of demonstrating that plaintiff's claimed injuries were not causally related to the accident through the report of their radiologist, who opined that all the conditions shown in the MRI examinations were degenerative in nature, and consistent with plaintiff's age and weight (see Sanchez v Oxcin, 157 AD3d 561, 562 [1st Dept 2018]). In addition, as to the right knee and lumbar spine, defendant submitted X-ray reports by plaintiff's radiologist, which showed arthritic changes in the right knee and multi-level degenerative changes and osteoarthritis in the lumbar spine. At his deposition, plaintiff acknowledged that his orthopedic surgeon told him his knee was "bad" due to his "age and arthritis," and that he ceased all treatment for his injuries about a year after the accident. Thus, the burden shifted to plaintiff to explain the evidence of degeneration in his own medical records (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509, 510 [1st Dept 2014], affd 25 NY3d 1222 [2015]), and his cessation of treatment (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff failed to raise an issue of fact as to causation of his alleged right knee and lumbar spine injuries. Neither his radiologist nor his orthopedic surgeon addressed the evidence of degeneration in plaintiff's X-ray reports or explained why the degenerative and arthritic conditions could not have been the cause of his conditions (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Khanfour v Nayem, 148 AD3d 426, 427 [1st Dept 2017]). As to his cervical spine claim, plaintiff submitted his medical records showing that he stopped all treatment about six months after the accident, until the [*2]examination performed by his orthopedic surgeon four years later. However, he submitted no admissible evidence explaining the four-year gap, or complete cessation, in treatment (see Vila v Foxglove Taxi Corp., 159 AD3d 431 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK