Black v Gordon (2019 NY Slip Op 04032)





Black v Gordon


2019 NY Slip Op 04032


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9387 151238/16

[*1]Joanne R. Black, Plaintiff-Appellant,
v
Ronald F. Gordon, et al., Defendants-Respondents.


Gruenberg Kelly Della, Ronkonkoma (Zachary M. Beriloff of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage (Andrea E. Ferrucci of counsel), for respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about July 11, 2018, which granted defendants' motion for summary judgment dismissing the complaint due to plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Contrary to plaintiff's contention, defendants demonstrated prima facie that she did not sustain a serious injury involving hearing loss and tinnitus as a result of the motor vehicle accident. Their expert otorhinolaryngologist found mild hearing impairment of less than one percent, and subjective complaints of tinnitus, which could not be causally related to the accident. Such minor limitations and subjective complaints do not constitute a significant or serious injury within the meaning of Insurance Law § 5102(d) (see Peel v Jordan, 202 AD2d 485, 485 [2d Dept 1994]; see generally Gaddy v Eyler, 79 NY2d 955, 957—958 [1992] [a "minor, mild or slight limitation of use" is "insignificant" under the no-fault statute]). In opposition, plaintiff did not submit any medical evidence to substantiate this claim.
Defendants also demonstrated prima facie that plaintiff's claimed cervical spine injuries were not serious injuries causally related to the accident, but were preexisting degenerative conditions.
In opposition, plaintiff submitted, inter alia, an unaffirmed MRI report of her radiologist, who found bulging and herniated discs, with a bony ridge and hypertrophic changes, and the affidavit of a chiropractor, who examined her several years after the accident. The chiropractor acknowledged that the MRI film showed preexisting degenerative conditions, and therefore he was required to address the issue of causation and explain the basis for his conclusions that the conditions were caused by the accident (Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Instead, the chiropractor provided only a conclusory opinion, which provided no basis for his opinion that the preexisting disc bulges were aggravated by the accident, or for assessing the extent of any exacerbation (Shu Chi Lam v Wang Dong, 84 AD3d 515, 516 [1st Dept 2011]). Nor did he provide a reason for his opinion that the herniation was new, or address the significance of the bony growth at the same level of the herniation, as noted in plaintiff's own MRI report (see Sosa-Sanchez v Reyes, 162 AD3d 414 [1st Dept 2018]; De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]).
Further, plaintiff provided no admissible evidence documenting contemporaneous complaints of pain or limitation in her cervical spine following the accident, which also [*2]undercuts her claim that the conditions were causally related to the accident (see Hernandez v Marcano, 161 AD3d 676, 678 [1st Dept 2018]; Rosa v Mejia, 95 AD3d 402, 403 [1st Dept 2012]; see also Perl v Meher, 18 NY3d 208, 217-218 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK