Moctezuma v Garcia (2019 NY Slip Op 07691)





Moctezuma v Garcia


2019 NY Slip Op 07691


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10183 20483/16E

[*1] Cynthia Moctezuma, Plaintiff-Appellant,
v
Luis Garcia, et al., Defendants-Respondents.


Gropper Law Group PLLC, New York (David De Andrade of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Jay S. Gunsher of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 17, 2018, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that the condition of plaintiff's left knee involved preexisting osteoarthritis not causally related to the accident and that she did not seek contemporaneous post-accident treatment for left knee complaints after the accident (see Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]). In opposition, plaintiff submitted her own MRI reports finding osteoarthritis, and an affirmed report of her orthopedic surgeon, whose operative report diagnosed severe osteoarthritis before and after surgery. The surgeon's opinion that the accident exacerbated the preexisting conditions was insufficient to raise an issue of fact as to causation since it provided no objective support, other than plaintiff's history, and failed to offer any evidence of injuries different from the "undisputed preexisting arthritic condition" (id.; see also Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Acosta v Traore, 136 AD3d 533 [1st Dept 2016]). The absence of records showing contemporaneous post-accident treatment of the left knee — other than the MRI reports showing osteoarthritis — further undermines plaintiff's claim that the condition was causally related to the accident (see Rosa v Mejia, 95 AD3d 402, 403-404 [1st Dept 2012]).
Assuming, without deciding, that plaintiff properly alleged injuries to her lumbar and thoracic spine, left shoulder, and right wrist, her unsworn medical records were insufficient to raise an issue of fact as to whether she sustained a serious
injury as to each of those body parts (see Pastora L. v Diallo, 167 AD3d 424, 425 [1st Dept 2018]; Luetto v Abreu, 105 AD3d 558 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK