Cano v U-Haul Co. of Ariz. (2019 NY Slip Op 08603)





Cano v U-Haul Co. of Ariz.


2019 NY Slip Op 08603


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10480 310129/11

[*1] Carmen Cano, Plaintiff, Catherine Hidalgo, et al., Plaintiffs-Appellants,
v
U-Haul Company of Arizona, Defendant, Lara Andretti, et al., Defendants-Respondents.


Sacco & Fillas, LLP, Astoria (Nazareth Markarian of counsel), for appellants.
Gerber Ciano Kelly Brandy LLP, New York (Michael F. Harris of counsel), for Lara Andretti, respondent.
Marjorie E. Bornes, Brooklyn, for Sunrise Limo Enterprise and Neho F. Abouo, respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about December 1, 2017, which granted the motion of defendants Sunrise Limo Enterprise (Sunrise) and Neho F. Abouo and the cross motion of defendant Lara Andretti for summary judgment dismissing the complaint of plaintiffs Catherine Hidalgo, Mario Ayala, and Alexis Cerda for lack of a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiffs Hidalgo, Ayala and Cerda each allege that they sustained serious injuries as the result of a motor vehicle collision that occurred while they were passengers in a taxi owned by Sunrise and driven by Abouo. Defendants established prima facie that each plaintiff's claimed cervical and lumbar spine injuries were not serious through the affirmed reports of their expert orthopedist, who found normal range of motion and no objective evidence of injury (see Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]; see also Munoz v Robinson, 170 AD3d 414 [1st Dept 2019]).
In opposition, each plaintiff failed to raise an issue of fact. Their expert physiatrist failed to reconcile her findings of limitations in range of motion at a recent examination with the reports of plaintiffs' treating physician finding normal or near-normal range of motion in each claimed body part within weeks of the subject accident (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [1st Dept 2011).
Regarding plaintiff Hidalgo's claim of right shoulder injury, defendants' expert orthopedic surgeon's report established their prima facie entitlement to dismissal, since his examination documented normal range of motion in that body part as well (see Pouchie, 173 AD3d at 644; Alvarez, 120 AD3d at 1044). Because she offered no evidence of treatment to that body part contemporaneous with the accident, Hidalgo failed to raise an issue of fact in opposition (see Stephanie N. v Davis, 126 AD3d 502 [1st Dept 2015]; Rosa v Mejia, 95 AD3d 402, 403-404 [1st Dept 2012]).
Ayala's claimed left knee injury may not be considered, since an injury to that body part was not pled in the bill of particulars (see Sanchez v Steele, 149 AD3d 458, 459 [1st Dept 2017]). In any event, Ayala's left knee claim was properly dismissed, since the only objective evidence [*2]of injury to that body part was his radiologist's MRI report that noted only degenerative changes, which plaintiffs' expert physiatrist failed to address or explain (see Acosta v Traore, 136 AD3d 533 [1st Dept 2016]; Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]).
Furthermore, each plaintiff's 90/180-day claim was properly dismissed. Defendants established their prima facie entitlement to dismissal of these claims through the submission of each plaintiff's deposition testimony, in which they denied being incapacitated for the minimum amount of time during the requisite time frame (see Pouchie, 173 AD3d at 645). In opposition, plaintiffs failed to raise an issue of fact since they "did not submit any medical or other documentary proof in support of [their] claim[s]" (id.).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK