Tusu v Leone (2020 NY Slip Op 06075)





Tusu v Leone


2020 NY Slip Op 06075


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 301290/16 Appeal No. 12182 Case No. 2019-04969 

[*1]Gabriela Tusu, Plaintiff-Respondent,
v
Robert J. Leone, Defendant-Appellant.


Votto & Albee, LLP, Staten Island (Christopher Albee of counsel), for appellant.
Segal & Lax, LLP, New York (Patrick D. Gatti of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about August 29, 2019, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the claims of serious injury in the form of "significant" and "permanent consequential" limitation of use of the cervical and lumbar spine (Insurance Law § 5102[d]), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendant established prima facie that plaintiff did not sustain a "significant" or "permanent consequential" limitation of use of any body part as a result of the accidental collision between his vehicle and her bicycle by submitting an affirmed report by his expert, who found no objective evidence of injury upon examination and opined that plaintiff's sprains, strains and contusions had fully resolved (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]; Moreira v Mahabir, 158 AD3d 518 [1st Dept 2018]). The expert noted that plaintiff showed limitations in range of motion of the cervical and lumbar spine, but found that these were merely subjective and unsupported by any other objective physical findings (see Moreira, 158 AD3d at 518; see also Cattouse v Smith, 146 AD3d 670 [1st Dept 2017]; Rosa v Mejia, 95 AD3d 402, 403 [1st Dept 2012]). Defendant also submitted plaintiff's testimony that she returned to work immediately after the accident and had little treatment in the following months, which indicates no causally related injury and only minor complaints that do not constitute serious injury (see Jones v MTA Bus Co., 123 AD3d 614 [1st Dept 2014]; Rosa, 95 AD3d at 403). In addition, he submitted her testimony that she had previous injuries to lower back, which she was required to address (see Pommells v Perez, 4 NY3d 566, 579-580 [2005]).
Plaintiff submitted insufficient medical evidence to raise an issue of fact as to her claimed spinal injuries. The only evidence she submitted was a report by her pain management specialist, who first treated her more than a year after the accident; she submitted no records showing contemporaneous treatment and evaluation, the earliest referenced treatment being five months after the accident (see Jones 123 AD3d at 615; Shu Chi Lam v Wang Dong, 84 AD3d 515 [1st Dept 2011]; see also Lopez v Simpson, 39 AD3d 420, 421 [1st Dept 2007]). Furthermore, plaintiff testified that she had sought treatment for lumbar spine injuries in 2004 but failed to report this to her medical expert, whose conclusion that her lumbar spine injury was caused by the accident is therefore speculative (see Montgomery v Pena, 19 AD3d 288, 290 [1st Dept 2005]).
Contrary to plaintiff's contention, the court providently exercised its discretion in declining to deny defendant's motion on the grounds of untimeliness, as it was aware of and directed continuing discovery as to plaintiff's prior injuries (see M.H. v Bed Bath & Beyond Inc., 156 AD3d 33, 39 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020