Tarjavaara v Considine (2020 NY Slip Op 06472)





Tarjavaara v Considine


2020 NY Slip Op 06472


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 159817/16 Appeal No. 12339 Case No. 2019-5920 

[*1]John Tarjavaara, Plaintiff-Appellant,
v
Lynda Considine, et al., Defendants-Respondents.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Buratti, Rothenberg & Burns, White Plains (Vanessa A. Gomez of counsel), for respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered July 5, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim of serious injury to the right knee and the 90/180-day claim pursuant to Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain an injury that resulted in the "permanent consequential limitation" or "significant limitation" of use of his right knee (Insurance Law § 5102[d]). Although defendants' medical expert noted some limitations in range of motion in plaintiff's right knee, he attributed this to plaintiff's preexisting, degenerative knee condition and obesity, and found no objective evidence of disability (see e.g. Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]). In addition, the expert relied on plaintiff's own post-accident X-ray showing no traumatic changes and an MRI of his right knee, taken 13 days after the accident, showing tri-compartmental osteoarthritis, cartilage thinning, and other degenerative findings (seeRosa v Delacruz, 158 AD3d 571 [1st Dept 2018], affd 32 NY3d 1060 [2018]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]). 
In opposition, plaintiff failed to raise an issue of fact. The affirmed report did not explain his physician's conclusion that plaintiff's right knee symptoms stemmed from the subject accident, rather than from his osteoarthritis (see Bogle v Paredes, 170 AD3d 455 [1st Dept 2019]; Ogando v National Frgt., Inc., 166 AD3d 569 [1st Dept 2018]). Furthermore, the physician failed to reconcile other medical records showing an absence of significant limitations in plaintiff's right knee shortly after the accident (see Colon v Torres, 106 AD3d 458, 459 [1st Dept 2013]).
Defendants' showing that plaintiff's injuries were not causally related to the accident defeats his 90/180-day claim (see Henchy v VAS Express Corp., 115 AD3d 478, 480 [1st Dept 2014]). In addition, plaintiff's bill of particulars alleges that he was confined to his bed and home for only 49 days after the accident (see Hospedales v "John Doe," 79 AD3d 536, 537 [1st Dept 2010]), and there is only his testimony, and no objective medical evidence, to substantiate his claim that he was unable to work or perform activities of daily living (see De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020