Kaakyire v Soto (2021 NY Slip Op 05084)





Kaakyire v Soto


2021 NY Slip Op 05084


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 25666/17E Appeal No. 14201 Case No. 2020-04152 

[*1]Nana Kaakyire, Plaintiff-Appellant,
v
Angel D. Soto et al., Defendants-Respondents. [And a Third-Party Action.]


Crasto & Associates, P.C., Howard Beach (Thomas A. Torto of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about October 8, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim of serious injury under the 90/180-day category of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion denied.
Defendants established that plaintiff did not sustain a serious injury under the 90/180-day category by relying on plaintiff's allegations in her bill of particulars that she was confined to bed for just three weeks immediately following the accident and for approximately one month after her left knee surgery (see Fuentes v Sanchez, 91 AD3d 418, 420 [1st Dept 2012]). However, in opposition, plaintiff raised an issue of fact by submitting an affirmation of her physician opining that plaintiff was totally disabled and unable to work for more than 90 days following the accident, which corroborated her testimony that she was disabled from work for six months following the accident (see Lazzari v Qualcon Constr., LLC, 162 AD3d 440, 441-442 [1st Dept 2018]; Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]).
If plaintiff prevails on her 90/180-day or other serious injury claims, she will be entitled to recover damages to compensate her for all injuries caused by the accident, whether or not they meet the meet the serious injury threshold (see Vishevnik v Bouna, 147 AD3d 657, 658 [1st Dept 2017]; Martinez, 95 AD3d at 683).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021